# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

Lyle W. Cayce
Clerk

No. 09-10959
Summary Calendar

FEDERICO HERNANDEZ-HERNANDEZ,

Plaintiff-Appellant

v.

THOMAS FAGERBERG, Esq.,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-155

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Federico Hernandez-Hernandez (Hernandez), federal prisoner # 83444-180, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. Hernandez brought suit against his former defense counsel for actions taken by counsel during his representation of Hernandez on criminal charges.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez's motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

To succeed in a § 1983 action, the plaintiff must establish a violation of the laws or constitution of the United States and that this deprivation of rights was caused by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). An  attorney does not act under color of state law when he "perform[s] a lawyer's traditional functions" as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Hernandez's allegations against his counsel were based on the traditional functions of an attorney in a criminal proceeding. His appeal of the district court's determination that he failed to show state action is thus without merit. *See Polk*, 454 U.S. at 325. Accordingly, Hernandez's motion for IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n. 24; 5th Cir. R. 42.2.

The district court's dismissal of Hernandez's complaint and our dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Hernandez that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.